JUDGE FORREST

13 CV 2914

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL GONZALEZ,

                Plaintiff,

– against –

CITY OF NEW YORK, POLICE OFFICERS JANE AND JOHN DOE, EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

                Defendants.

Civ. Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED MAY 0 1 2013 U.S.D.C. S.D. N.Y. CASHIERS

    Plaintiff Samuel Gonzalez, by his attorneys, Galluzzo and Johnson LLP, for his Complaint against Defendants City of New York and Police Officers Jane and John Doe, employed by the New York City Police Department, upon personal knowledge and upon information and belief, alleges as follows:

### NATURE OF THE ACTION

    1.    This is an action against the aforementioned police officers, and their employer, the City of New York, for personal injuries and loss of wages among other things, arising out of their assault, battery, false arrest, false imprisonment of him, and their violation of Plaintiff's civil rights.

### PARTIES

    2.    Plaintiff Samuel Gonzalez is a natural person who resides in Kings County, New York.

    3.    Defendant City of New York is, and was at the time of the incident giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. At all times relevant to the action, Defendant City of New York

employed the remaining Defendant Police Officers in connection with its control, operation, and maintenance of the New York City Police Department.

4. At all relevant times, herein, Defendant Police Officers Jane and John Doe were police officers employed by the New York City Police Department and were acting in the capacity of agents, servants, and employees of the City of New York.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367.

7. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

8. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b)(1), b(2) and (c) as a substantial part of the events or omissions giving rise to the claim occurred in the County of New York which is located in the Southern District of New York and in that New York City resides for venue purposes within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with General Municipal Law ("GML") § 50 and all procedural requirements necessary to commence a lawsuit against Defendants, including Defendant City of New York.

10. This is an action for psychological injuries and loss of wages, sustained by Plaintiff arising out of actions perpetrated by Defendants on June 27, 2012.

11. On or about September 20, 2012, within ninety days after the accrual of the instant action, a satisfactory Notice of Claim was filed with Defendant City of New York on behalf of Plaintiff.

12. On December 7, 2012, Plaintiff testified at a hearing pursuant to GML § 50(h) at the request of Defendant City of New York.

13. Defendant City of New York has refused or neglected to make any adjustment or payment on Plaintiff's claims.

14. Plaintiff hereby commences this action within one year and ninety days of the date of accrual of the instant action.

## FACTUAL ALLEGATIONS

15. On June 27, 2012, at approximately 9:00-10:00 AM, Plaintiff was working as the superintendent of the commercial/medical building known as 123 West 79th Street in the County and State of New York (hereinafter the "Building").

16. At that approximate time and place, Plaintiff was attempting to handle a disorderly person in the Building who was refusing to either make her way to the business she intended to visit inside the Building or leave the premises.

17. As the disorderly person became more and more agitated, Plaintiff decided to call the police for help.

18. Police Officers Jane Doe and a partner arrived shortly thereafter and entered the lobby of the Building.

19. The first floor of the Building is occupied by Lyme Resource Medical, P.C., a facility for the treatment of Lyme disease.

20. Patients of Lyme Resource are frequently in a waiting room immediately adjacent to the lobby and are acutely sensitive to commotions and noise.

21. Knowing this, Plaintiff politely asked Police Officer Jane Doe and her partner to escort the disorderly person outside the doors at the entrance of the Building so as to not disturb the Lyme Resource patients.

22. At that point, Police Officer Jane Doe became rude and disrespectful to Plaintiff; she loudly yelled at Plaintiff to leave the building unnecessarily while she continued to deal with the disorderly person.

23. Once the situation with the disorderly person was sorted out, Plaintiff wished to make a complaint to the responding officer's superiors for their rude treatment of him.

24. Plaintiff called 911 and eventually Police Officer John Doe arrived.

25. Police Officer John Doe approached Plaintiff and immediately began to question him as to why he was telling Police Officer Jane Doe what to do.

26. Plaintiff responded that he was not telling anyone what to do.

27. Shortly thereafter, Plaintiff asked Police Officer John Doe for Police Officer Jane Doe's badge number.

28. In response to this, Police Officer John Doe asked Plaintiff for identification.

29. Plaintiff explained to Police Officer John Doe that he did not have any identification on him at that moment.

30. Plaintiff was then told by Police Officer John Doe that he was being arrested "for not having [his] ID."

31. Police Officer Jane Doe then placed Plaintiff in handcuffs without any cause or articulable reason and proceeded to search Plaintiff's person without permission or consent.

4

32. As she was restraining Plaintiff, Police Officer Jane Doe twisted Plaintiff's arm roughly and put the handcuffs on too tight, which caused Plaintiff to suffer pain, numbness, redness, and swelling to his wrists.

33. After conducting the search, which yielded no contraband or fruits of any crime whatsoever, and without cause to believe that Plaintiff had committed any arrestable offense, the officers transported him against his will to the 20th Police Precinct where he remained captive for approximately five hours.

34. During this time, Plaintiff asked for medical attention for his wrists, but was refused.

35. After he was processed, he was handed a summons for allegedly violating New York Penal Law section 240.20(6), a charge which involves "congregat[ing] with other persons in a public place and refus[ing] to comply with a lawful order of the police to disperse."

36. After being allowed to leave the precinct, Plaintiff returned to the building at 123 West 79th Street.

37. He was greeted by the building manager who informed Plaintiff that he was terminated and would lose his job as superintendent of the Building because he had been arrested that day.

38. On September 5, 2012, Plaintiff went to court to answer for the summons. The judge recognized the summons to be defective and dismissed it.

39. Prior to his arrest, Plaintiff earned $20/hour working for the Building and he typically worked 10 hours per day and worked five hours a week. Thus, for each week that he could not work, Plaintiff lost approximately $1000 in wages.

40. In the week of September 10, 2013, Plaintiff was hired by a new employer. Thus, as a result of his arrest, Plaintiff suffered monetary damages in the approximate amount of $10,000.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

41. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment, among other violations to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

43. The actions of Defendant Police Officers Jane and John Doe, and the Defendant City of New York, acting under color of law in falsely imprisoning, detaining, and assaulting Plaintiff, were intentional, malicious, done with a reckless disregard for the natural and probable consequences of their acts, without lawful justification, were designed to and did cause mental, physical and emotional harm and suffering, and deprived the Plaintiff of his Constitutional rights including, but not limited to, his rights under the Fourth and Fourteenth Amendments guaranteeing due process, freedom from unlawful searches and seizures, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983, et seq.

44. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Jane and John Doe, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York, and while acting under the color of state law.

45. The actions taken by Defendant Police Officers Jane and John Doe – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FALSE ARREST

46. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. On June 27, 2012, Defendant Police Officers Jane and John Doe intentionally arrested and confined Plaintiff without probable cause and without his consent.

48. Defendant Police Officers Jane and John Doe caused injuries to Plaintiff, including psychological injuries and loss of wages.

49. Defendant Police Officers Jane and John Doe took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

50. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Jane and John Doe, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

51. The aforementioned actions taken by Defendant Police Officers Jane and John Doe – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## **FALSE IMPRISONMENT**

52.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 51, inclusive, as though fully set forth herein.

53.     On June 27, 2012, Defendant Police Officers Jane and John Doe intentionally caused Plaintiff to be imprisoned and confined at the 20th Police Precinct, which is operated and controlled by Defendant City of New York.

54.     Defendant Police Officers Jane and John Doe did not have probable cause or other justification to imprison and confine Plaintiff.

55.     Plaintiff did not consent to the aforementioned imprisonment and confinement.

56.     As a result of the imprisonment, Defendant Police Officers Jane and John Doe caused injuries to Plaintiff, including loss of wages.

57.     Defendant Police Officers Jane and John Doe took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

58.     Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers Jane and John Doe, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

59.     The aforementioned actions taken by Defendant Police Officers Jane and John Doe – and thus, by Defendant City of New York – against Plaintiff were willful, wanton,

reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### BATTERY

**As Against Defendant City of New York and Defendant Police Officer Jane Doe**

60. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. On June 27, 2012, Defendant Police Officers Jane Doe, through her actions, intentionally initiated wrongful physical contact with Plaintiff without his consent.

62. Defendant Police Officer Jane Doe handcuffed and restrained Plaintiff without legal justification, causing Plaintiff to sustain injuries.

63. Defendant Police Officer Jane Doe took these actions against Plaintiff during the course, and within the scope, of her employment with Defendant City of New York.

64. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officer Jane Doe, taken against Plaintiff within the scope of employment with Defendant City of New York under the doctrine of *respondeat superior*.

65. The Actions taken by Defendant Police Officer Jane Doe – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants, jointly and severally, for damages for the following relief:

a. compensatory damages against Defendant's, jointly and severally, in an amount to be determined at trial, with pre- and post-judgment interest;

b. lost wages in an amount to be determined at trial;

c. attorneys' fees and the costs of the instant action, including all costs incurred herein;

d. punitive damages;

e. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
April 29, 2013

GALLUZZO & JOHNSON LLP

_____
Zachary H. Johnson
*Attorney for Plaintiff Samuel Gonzalez*
Galluzzo & Johnson LLLP
48 Wall Street, 11th Floor
New York, New York 10005
Tel: 212.918.4661